# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  09-20006 |
| | ) | 11-02422 |
| JOSE MEDINA, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On September 28, 2009, defendant Jose Medina, Jr. pled guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine (docs. 18, 19).  Under the terms of the plea agreement, Mr. Medina agreed not to contest the forfeiture of real property located at 2201-2207 Metropolitan Avenue, Kansas City, Kansas (doc. 19, at 2).  Mr. Medina also waived the right to appeal or collaterally attack his sentence, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (*id.* at 11).  Mr. Medina's judgment was imposed on February 2, 2010 (doc. 29).  He received a 97-month prison sentence and did not file a direct appeal.

On March 31, 2011, the Clerk of the District Court received a pro se, unsigned, undated letter from Mr. Medina asking the court to "please reconsider the forfeiture of my family property" (doc. 74).  The court provided Mr. Medina an

opportunity to modify or withdraw his letter before characterizing it as a § 2255

petition (doc. 88).  The court cautioned Mr. Medina to explain why his petition was

untimely filed, stating

> because of the timing of defendant's letter, the bar for him to
> successfully attack his sentence with even a first § 2255 motion is
> already high.  It appears that more than a year has passed since
> defendant's judgment of conviction and forfeiture became final.  It
> would be wise for Mr. Medina, therefore, to explain in his response to
> this court why his petition should not be dismissed as untimely under
> § 2255(f).

(doc. 88, at 4).  On August 1, 2011, Mr. Medina filed an "Amendment to Defendant's

§ 2255 Motion," in which he agreed the letter should be construed as a § 2255 petition

(doc. 91).  Mr. Medina explains that he mailed his letter to the District Court in

Wichita, Kansas, where it was forwarded to the District Court in Kansas City, Kansas

and docketed on March 31, 2011 (doc. 99, at 2).  Thus, he reasons, the letter could

have been held for several days by prison officials and then several more days by the

Clerk of the Court in Wichita, yielding the tardy arrival of his § 2255 petition in

Kansas City.  He concludes that based on these circumstances, "the short number of

days (42) that the letter was late indicates it easily could have been timely filed" (*id.*

at 3).  On September 2, 2011, Mr. Medina filed an additional letter explaining his

petition's tardiness (doc. 98).  The letter, however, fails to address the timing of Mr.

Medina's original petition (*see* doc. 74) and instead addresses only  the circumstances

surrounding Mr. Medina's supplementary filing (*see* doc. 91).

The government then filed a Motion to Dismiss Defendant's 28 U.S.C. § 2255

Motion (doc. 93).  The government contends that Mr. Medina's § 2255 petition is time-barred, or, in the alternative, asks the court to enforce the plea agreement Mr. Medina signed, which included a waiver of his right to challenge his sentence on collateral attack.

For the reasons set forth below, Mr. Medina's § 2255 petition is dismissed as untimely, and the government's Motion to Dismiss is granted.

## 1.  Timeliness of § 2255 Petition

Under 28 U.S.C. § 2255(f), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255.[1]  If a defendant files an appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  If a defendant does not file an appeal, his conviction becomes final on the date when the time for filing an appeal expires.  *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).  A criminal defendant must file a notice of appeal within fourteen days of judgment.  Fed. R. App. P. 4(b)(1)(A).

The prison mailbox rule permits a pro se prisoner's § 2255 petition to be considered timely filed if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents.  *United States v.*

---

[1] 28 U.S.C. § 2255(f) permits the limitation period to run from the latest of four circumstances.  Only § 2255(f)(1) is applicable here.

*Gray*, 182 F.3d 762, 764, 765 n.4 (10th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). A pro se prisoner must attest that the petition was delivered in accordance with the prison mailbox rule and has the burden of proof on this issue. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). "If the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule." *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144 (10th Cir. 2004). If the prison has no legal mail system, or if the system is inadequate to satisfy the mailbox rule, the "mandatory method by which a prisoner . . . proves compliance with the mailbox rule" is to "submit a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid." *Price*, 420 F.3d at 1165 (quoting *Ceballos-Martinzez*, 387 F.3d at 1145).

Here, the judgment against Mr. Medina was entered on February 2, 2010. Because he did not file a direct appeal, his conviction became final fourteen days later on February 16, 2010. Mr. Medina's § 2255 petition was filed on March 31, 2011–more than one year after his conviction became final for purpose of the § 2255 limitations period. Contrary to Mr. Medina's contention, his petition was docketed by the Clerk of the District Court in Wichita on March 31, 2011–the same day the letter was first received;[2] the letter was not docketed by the Clerk of the District

---

[2] The envelope containing Mr. Medina's § 2255 petition was stamped "Received" on
(continued...)

4

Court in Kansas City after being forwarded to the correct location. Thus, Mr. Medina's theory that the filing of his petition was delayed when the Clerk of the Court in Wichita forwarded the petition to Kansas City is without merit.

Furthermore, Mr. Medina fails to meet his burden to obtain the benefit of the prison mailbox rule. First, he does not allege, or timely establish, that he used the legal mail system within the prison to deliver his § 2255 petition. Second, he does not argue that there was no legal mail system available. Even if Mr. Medina advanced such an argument, he nonetheless would fail to establish compliance with the mailbox rule because he did not execute a declaration in compliance with 28 U.S.C. § 1746 stating the date of delivery in the regular mail system with pre-paid postage.

Thus, Mr. Medina's § 2255 petition is dismissed as untimely.

## 2. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate

---

[2](...continued)
March 31, 2011. The stamp identified the receiving office as the Clerk of the District Court in Wichita, Kansas (*see* doc. 74).

that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the reasons stated above, Mr. Medina has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

 **IT IS THEREFORE ORDERED BY THE COURT** that Mr. Medina's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 89) is dismissed, and the government's Motion to Dismiss Defendant's 28 U.S.C. § 2255 Motion (doc. 93) is granted.

     **IT IS SO ORDERED** this 30th day of December, 2011.

                          s/ John W. Lungstrum
                     John W. Lungstrum
                     United States District Judge