**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|                             |     |                        |
|-----------------------------|-----|------------------------|
| **UNITED STATES OF AMERICA,** | )   |                        |
|                             | )   |                        |
| **Plaintiff,**              | )   |                        |
|                             | )   |                        |
| **v.**                      | )   | **Case No.  09-20006-JWL** |
|                             | )   |                        |
| **JOSE MEDINA,**            | )   |                        |
|                             | )   |                        |
| **Defendant.**              | )   |                        |
|                             | )   |                        |

**MEMORANDUM AND ORDER**

On December 30, 2011, the court dismissed as untimely Jose Medina's petition

to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 100).  Mr.

Medina now asks the court to reconsider its decision (doc. 102).  He also requests that

the court provide copies of various transcripts as well as "a complete record of all

documents" in the government's possession (*id.*).  For the reasons stated below and in

the interest of judicial economy, defendant's motion is summarily denied without further

briefing by the parties.

**1.  Motion for Reconsideration**

Mr. Medina asks the court to reconsider its decision "based on issues that were

not presented due to records that were not in petitioners possession at the time of the

filing of the original petition" (doc. 102).

A motion asking the court to reconsider a previous ruling shall be based on (1)

an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* at 1012.

Here, Mr. Medina does not demonstrate that reconsideration is justified because of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Instead, the defendant offers only conclusory and generalized allegations.[1]  As such, he fails to meet this standard.

## 2.  Motion for Documents

Mr. Medina requests copies of transcripts and "a complete record of all documents" to show "meritorious claims of subject matter jurisdiction issues and ineffective assistance of counsel."  He is not entitled, however, to free copies of transcripts and other documents from the court.

Under 28 U.S.C. § 753(f), the government shall pay the fees for transcripts in a § 2255 proceeding if the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  The Tenth Circuit has previously looked to 28 U.S.C. § 753(f) to resolve requests for other court

---

[1] Mr. Medina's § 2255 petition was dismissed as untimely.  He fails to address the timeliness of his § 2255 petition in the Motion for Reconsideration.

documents, as well.  *See Nortonsen v. Larimer County Dist. Court*, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006) (holding that post-conviction prisoners do not have an automatic right to free copies of court documents and concluding that they must first demonstrate a nonfrivolous claim); *United States v. Lewis*, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (applying the § 753(f) standard to a defendant's request for documents).

As explained above, Mr. Medina's motion for reconsideration does not raise a nonfrivolous issue.  As such, his request for transcripts and court documents fails because he has not set forth any nonfrivolous claim.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for reconsideration and motion for transcripts and documents (doc. 102) is denied.

**IT IS SO ORDERED** this 8th day of March, 2012.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge

3