IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                                   **Case No. 09-20006-JWL**

**Jose Medina, Jr.,**

       **Defendant.**

## MEMORANDUM & ORDER

On January 7, 2009, Jose Medina, Jr. was charged in a six-count Indictment with various drug offenses. On September 28, 2009, Mr. Medina pled guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. On February 1, 2010, Mr. Medina was sentenced to 97 months' imprisonment. He did not file a direct appeal. In March 2011, Mr. Medina filed a motion to vacate under 28 U.S.C. § 2255. The court dismissed that petition as untimely and denied Mr. Medina's subsequent motion for reconsideration and his request for a "complete record of all documents" in the government's possession. In March 2012, Mr. Medina filed another motion to vacate under 28 U.S.C. § 2255. The court dismissed that petition for lack of jurisdiction, finding that the petition was a successive habeas petition and that it was not in the interest of justice to transfer the petition to the Tenth Circuit. This matter is now before the court on Mr. Medina's motion for reconsideration of the court's order dismissing the successive habeas petition or, in the alternative, for relief under Federal Rule of Civil Procedure 60(b) and for discovery (doc. 118). As will be explained, the motion is denied in part and dismissed in part.

**Reconsideration**

Mr. Medina moves for reconsideration of the court's order dismissing his successive § 2255 petition on the grounds of "new evidence" and the need to prevent manifest injustice. In support of his motion, Mr. Medina has submitted the affidavit of James Adam Jackson, a co-conspirator. Mr. Jackson's two-sentence affidavit states that he never received cocaine from or sold cocaine for Mr. Medina. According to Mr. Medina, the affidavit proves that Mr. Medina was not involved in the conspiracy charged by the government and that the government perpetrated a fraud on the court by inducing Mr. Medina's plea of guilty. Mr. Medina further asserts that the court should "reopen" the initial § 2255 petition because the court erroneously ruled on that petition before Mr. Medina had a copy of the PSIR and the Indictment in his possession.

The motion is denied. Significantly, Mr. Medina's initial § 2255 petition was dismissed as untimely. Even if Mr. Medina had presented Mr. Jackson's affidavit in connection with his initial § 2255 petition (and even if Mr. Medina had been in possession of the PSIR and the Indictment at that time), nothing contained in those documents would have saved the petition from dismissal as that petition was not timely filed. Indeed, Mr. Medina does not attempt to explain to the court how or why his initial petition should be deemed timely filed in any respect. He simply ignores that issue. Moreover, although it has no bearing on the court's ruling here, Mr. Jackson's affidavit in no way demonstrates that Mr. Medina was not involved in the conspiracy charged by the government. The factual basis of the plea agreement does not suggest that Mr. Medina and Mr. Jackson engaged in cocaine transactions directly with one another—it

2

simply states that Mr. Medina conspired with others, including Mr. Jackson. Mr. Medina and Mr. Jackson may be part of the same conspiracy without dealing with each other or even knowing one another. *See United States v. Cornelius*, ___ F.3d ___, 2012 WL 4075877 (10th Cir. Sept. 18, 2012).

**Rule 60(b)**

In the alternative, Mr. Medina seeks relief from the court's rulings on his § 2255 petitions under Federal Rule of Civil Procedure Rule 60(b) on the grounds of newly discovered evidence and fraud on the court. According to Mr. Medina, the government permitted him to plead guilty to the conspiracy charge on the basis of fabricated evidence and without actual proof that a conspiracy existed that involved Mr. Medina. Although Mr. Medina has labeled his motion a "Rule 60(b)" motion, it is the relief sought in the motion rather than the pleading's title that determines whether the pleading is, in fact, a § 2255 motion. *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). In his motion, Mr. Medina does not challenge the integrity of his habeas proceedings; he seeks relief from his conviction. Thus, the court construes the motion as another § 2255 motion. *In re Pickard*, 681 F.3d 1201, 1204-05 (10th Cir. 2012); *United States v. Eaton*, 475 Fed. Appx. 710, 711 (10th Cir. 2012) (Rule 60(b) –labeled motion was correctly treated as successive § 2255 petition because it asserted a basis for relief from conviction). Because the petition is a successive § 2255 petition, Mr. Medina must obtain authorization to file the motion from the Tenth Circuit. *See* 28 U.S.C. § 2255(h). He has not obtained such authorization and the court declines to transfer this matter to the Tenth Circuit because it is not

3

in the interest of justice to do so because his claim would be time-barred in any event. This aspect of Mr. Medina's motion, then, is dismissed.

**Discovery**

Mr. Medina also seeks an order requiring the government to produce to Mr. Medina "all documents" used to indict and prosecute Mr. Medina, including all statements given by James Adam Jackson, Deborah Jackson, Calvin Jackson and any and all confidential sources; all video and audio recordings, including a list of all telephone numbers relating to recorded telephone conversations; all statements given by Jose Viera and Ferla Flores; and all documents tending to show Mr. Medina's innocence. Mr. Medina contends that he needs this discovery so that he can "peruse" the information and provide the court with evidence that no conspiracy existed that involved Mr. Medina and that the government fabricated the conspiracy charge. According to Mr. Medina, he should be permitted to use this evidence in support of a "reopened" initial § 2255 petition, on the grounds that the court "ignored" his request for discovery in connection with his initial petition.

Mr. Medina's motion for discovery is denied. Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Because Mr. Medina has not provided specific allegations showing a reason to believe that the requested discovery would produce information supporting his innocence, he is not entitled to discovery. *See United States v. Moya-Breton*, 439 Fed. Appx. 711, 715-716 (10th Cir. 2011) (bald assertions that discovery

was required to prove petitioner's claims did not entitle him to discovery). Moreover, Mr. Medina did not make a discovery request in his initial § 2255 petition—he simply closed his letter to the court with a general plea that the court "send me any information that might help." In his motion to reconsider the court's order dismissing his initial § 2255 petition, Mr. Medina asked the court to direct Mr. Medina's counsel to provide him with "all documents in his possession" including the PSIR and the court expressly addressed that request in its order denying the motion to reconsider. Finally, even if Mr. Medina had these discovery materials available to him in support of his initial § 2255 petition, the court would nonetheless have dismissed his petition based on the untimeliness of the petition—an issue that obviously would not have been cured by the evidence Mr. Medina now seeks. There is simply no basis, then, to "reopen" Mr. Medina's initial § 2255 petition or to grant the discovery request made by Mr. Medina.

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's motion for reconsideration (doc. 118) is **denied in part and dismissed in part**.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2012, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge