# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                                                      **Case No. 09-20006-JWL**

**Jose Medina, Jr.,**

        **Defendant.**

## MEMORANDUM & ORDER

On January 7, 2009, Jose Medina, Jr. was charged in a six-count Indictment with various drug offenses. On September 28, 2009, Mr. Medina pled guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. On February 1, 2010, Mr. Medina was sentenced to 97 months' imprisonment. He did not file a direct appeal. In March 2011, Mr. Medina filed a motion to vacate under 28 U.S.C. § 2255. The court dismissed that petition as untimely and denied Mr. Medina's subsequent motion for reconsideration and his request for a "complete record of all documents" in the government's possession. In March 2012, Mr. Medina filed another motion to vacate under 28 U.S.C. § 2255. The court dismissed that petition for lack of jurisdiction, finding that the petition was a successive habeas petition and that it was not in the interest of justice to transfer the petition to the Tenth Circuit. The court then denied Mr. Medina's subsequent motion for reconsideration of the court's order dismissing the successive habeas petition and dismissed Mr. Medina's alternative motion for relief under Federal Rule of Civil Procedure 60(b) and for discovery.

This matter is now before the court on Mr. Medina's motion to compel production of grand jury material (doc. 134) and his motion asking the court to conduct an in camera review of Mr. Medina's discovery and the grand jury transcripts (doc. 135). In these motions, Mr. Medina continues to press the same argument that he has pressed in previous filings—that he was not involved in the conspiracy charged by the government and that the government convinced the grand jury to return an indictment based upon false evidence. In support of his motions, Mr. Medina has again submitted the affidavits of co-conspirators James Adam Jackson and Deborah Jackson. These affidavits, in essence, support the conclusion that neither Mr. Jackson nor Ms. Jackson received cocaine from or sold cocaine for Mr. Medina, that these individuals had no knowledge of being involved in a cocaine conspiracy with Mr. Medina and that these individuals had no dealings with Mr. Medina during the course of the charged conspiracy. Mr. Medina contends that these affidavits prove that Mr. Medina was not involved in the conspiracy charged by the government and that the government perpetrated a fraud by telling the grand jury otherwise. Mr. Medina, then, seeks the entire transcript of the grand jury proceedings in this case so that he may verify whether the government willfully misled the grand jury with "false evidence" and he requests that the court review that transcript and Mr. Medina's "discovery" so that the court may ascertain what occurred before the grand jury. According to Mr. Medina, he seeks these materials because he intends to pursue a motion under Federal Rule of Civil Procedure 60(d)(3) to set aside the judgment for fraud on the court.

The motions are denied. To obtain access to the grand jury transcripts, Mr. Medina must make a strong showing of a particularized need that outweighs the public interest in secrecy of grand jury proceedings. *See United States v. Edge*, 315 Fed. Appx. 92, 96 (10th Cir. 2009)

(citing cases). The only "need" identified by Mr. Medina for the grand jury transcripts is his desire to file a motion under Rule 60(d)(3) alleging fraud on the court. Mr. Medina's asserted need is neither particularized nor sufficient to overcome the presumption against disclosure of the grand jury materials. Mr. Medina does not suggest how the affidavits submitted by Mr. Jackson and Ms. Jackson are inconsistent with the government's conspiracy charge or how those affidavits might demonstrate that the government's presentation to the grand jury was fraudulent.[1] Moreover, as described by Mr. Medina, the proposed Rule 60(d)(3) motion would challenge Mr. Medina's underlying conviction rather than attack a defect in the integrity of his previously conducted § 2255 proceeding. Mr. Medina, then, undoubtedly intends to seek § 2255 relief in substance, if not in form. Because that motion would constitute a successive § 2255 petition, the court would not even have jurisdiction to consider the proposed Rule 60(d) motion in any respect. *See United States v. Baker*, 718 F.3d 1204, 1206-08 (10th Cir. 2013) (defendant's Rule 60(d)(3) motion alleging fraud on the court with respect to underlying conviction properly construed as successive § 2255 petition).[2]

---

[1] Mr. Medina apparently believes that one of the "confidential sources" identified in the factual basis of his plea agreement (specifically "CS3") is, in fact, James Jackson or Deborah Jackson such that the affidavits demonstrate the falsity of the factual basis of the plea and, presumably, the falsity of the information presented to the grand jury. Mr. Medina offers no competent evidence suggesting that James Jackson or Deborah Jackson is one of the confidential sources referenced in the plea agreement.

[2] The Tenth Circuit has already determined that Mr. Medina's allegations concerning the government's presentation of fraudulent evidence in support of its conspiracy charge constitutes an attack on the validity of his conviction and has denied Mr. Medina authorization to proceed with successive § 2255 claims relating to those allegations even in the face of the very affidavits presented by Mr. Medina here. *See* Order Denying COA and Denying Authorization Under 28 U.S.C. § 2255(h) at pp. 3-5 (10th Cir. Feb. 12, 2013) (doc. 131) (affidavits submitted by Mr.

3

For the foregoing reasons, Mr. Medina's motions concerning the grand jury materials in this case are denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Medina's motion to compel production of grand jury material (doc. 134) is denied and Mr. Medina's motion for in camera review of discovery and grand jury transcripts (doc. 135) is **denied**.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

Medina denying participating in cocaine conspiracy with Mr. Medina fall short of making a prima facie case that a reasonable fact finder would not find Mr. Medina guilty).